UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMUEL SUMERLIN, } | |
| Plaintiff, } | |
| v. } | Case No.: 2:18-cv-01975-MHH |
| UNITED STATES POSTAL SERVICE } | |
| Defendant. } | |

## MEMORANDUM OPINION

*Pro se* plaintiff Samuel Sumerlin filed a complaint against the United States Postal Service on November 29, 2018. (Doc. 1). Magistrate Judge England granted Mr. Sumerlin's request to proceed *in forma pauperis* and explained to Mr. Sumerlin why the Court might lack jurisdiction over his claim. (Doc. 8). Magistrate Judge England explained that the United States Postal Service may not be sued for lost or stolen mail. In response, Mr. Sumerlin filed a notice with the Court articulating the factual basis of his claim against the United States Postal Service. (Doc. 9). Magistrate Judge England found that Mr. Sumerlin's explanation failed to demonstrate that a federal district court could hear the claim against the Postal Service, and Judge England recommended that a district court judge dismiss Mr. Sumerlin's claim. (Doc. 10, pp. 4-5).

1

This Court treated Judge England's order as a report and recommendation and provided 14 days for Mr. Sumerlin to file written objections. (Doc. 11, p. 2). Mr. Sumerlin filed an objection within 14 days. (Doc. 12, p. 1).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* A district court reviews for plain error proposed factual findings to which no objection is made, and a district court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

In his objection, Mr. Sumerlin states that he wants the United States Postal Service to be held accountable because his jewelry never left USPS's possession and went missing. (Doc. 12, p. 1). The Court is sympathetic to Mr. Sumerlin and understands his frustration, but his factual assertion does not change the magistrate

judge's analysis. The USPS is part of the federal government and has sovereign immunity from lawsuits unless the government waives that immunity. *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006). Although the Federal Tort Claims Act provides certain exceptions to sovereign immunity, 28 U.S.C. § 2680(b), the USPS remains immune from "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter," 28 U.S.C. § 2680(b). Mr. Sumerlin's claim is related to the "loss, miscarriage, or negligent transmission" of his jewelry. Therefore, the USPS is immune from an action based on the loss of Mr. Sumerlin's package.

The Court overrules Mr. Sumerlin's objections and accepts the magistrate judge's recommendation. The Court will deny Mr. Sumerlin's request for relief and dismiss Mr. Sumerlin's complaint with prejudice.

The Court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this April 11, 2019.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE